*300 Opinion by
Mr. Justice McWilliams.
On January 30, 1961, the county court of Jefferson County, acting on the petition of the executrix for the estate of John Alger, entered its order and judgment determining that one Mellman be allowed $1,500 for legal services theretofore rendered the Alger estate, and directed the executrix to pay Mellman this amount. No appeal was taken from this order and in March 1961 the executrix paid Mellman $1,500 from estate funds.
One James thereafter filed a claim with the Alger estate for certain preliminary legal services which he allegedly had also rendered the estate. Hearing was held on James’ claim on April 6, 1961, at which time and place Mellman was personally present, not pursuant to any notice but apparently having been requested by James to appear for the purpose of offering testimony in connection with James’ claim. At the conclusion of this hearing the court, with no explanation in so far as the record before us reveals, purportedly “amended” its order of January 30, 1961, by reducing Mellman’s fee to $1,000 and commanding him to remit the $500 to James. It should be noted that in connection with James’ claim the court did not enter any order or judgment against the Alger estate.
Being singularly dissatisfied with this unexpected turn of events, Mellman appealed to the district court, seeking a trial de novo as provided by C.R.S. ’53, 37-6-13. However, the record reveals that it was Mellman’s chief contention there and here that the county court, and a fortiori the district court, under the circumstances had no jurisdiction to amend or in anywise modify the order of January 30, 196!. Upon “trial de novo” the district court “affirmed” the order of the county court, entered a judgment to that effect, and motion for a new trial having been thereafter denied Mellman upon this application for supersedeas seeks final determination of this controversy.
*301 The executrix for the Alger estate initially requests that she be dismissed from this proceeding. because of her “lack of interest in the subject matter.” She points out that no order or judgment has as yet been entered against the Alger estate as a result of the filing of the James claim, and contends that inasmuch as the trial court ordered Mellman — not the Alger estate — to pay $500 to James, the estate is not an “interested” party. We hold that the executrix is correct in this contention and accordingly the motion to dismiss interposed by the Alger estate is granted.
It should be noted that no appearance has been entered in this court for the claimant James.
Mellman in essence contends that the order of the county court made on January 30, 1961, was a final judgment from which no appeal was taken and which was in fact satisfied, and that under these circumstances the county court had no jurisdiction to “amend” this judgment by its subsequent order of April 6, 1961, no motion to modify or amend the earlier judgment having ever been filed.
C.R.S. ’53, 152-12-10, provides that the entry of an allowance of a demand against any estate “shall have the force and effect of a judgment.” Accordingly, the order of January 30, 1961, allowing Mellman’s claim in the amount of $1,500 was a final judgment which neither Mellman nor the Alger estate sought to have reviewed. This judgment was then satisfied by the payment to Mellman of $1,500 from the Alger estate. The record before us fails to disclose that any motion to amend or correct this judgment was ever filed.
Under these circumstances the county court had no jurisdiction to amend or alter its judgment of January 30, 1961, and the subsequent action of the district court “affirming” the order of the county court is equally erroneous in that under the circumstances it too lacked jurisdiction over the subject matter. Accordingly, the judgment of the district court directing Mellman to pay *302 James $500 is reversed and the cause remanded with directions to enter judgment for Mellman.
Mr. Chief Justice Day and Mr. Justice Hall concur.